UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAMAU PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:22-cv-06724 |
| ) | |
| v. ) | |
| ) | |
| RSM US LLP, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

**Plaintiff**, Kamau Phillips ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against RSM US LLP ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq*. ("Title VII") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

Case: 1:22-cv-06724 Document #: 1 Filed: 12/01/22 Page 2 of 9 PageID #:2

claims occurred within this District.

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of race discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

6. Notification of the Right to Sue was issued by the EEOC. (attached hereto as Exhibit "B").

7. The Original Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

### THE PARTIES

8. On July 27, 2017, Plaintiff, an African-American, was hired by RSM US LLP ("RSM") as a consulting supervisor.

9. Defendant operates a tax consulting firm in this judicial district.

10. Defendant's principal address is listed as 30 S. Wacker Dr., Suite 3300 Chicago, IL 60606.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title

VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

14. The Plaintiff was subjected to discrimination and retaliation on the basis of his race (African American).

15. The Plaintiff, Kamau Phillips, is an African-American male.

16. The Plaintiff was hired by RSM US LLP ("RSM") as consulting supervisor on July 27, 2017.

17. The Plaintiff was quickly promoted to manager of risk consulting.

18. During his time, the Plaintiff was able to keep his utilization rate at 80% for billable hours.

19. During the Plaintiff's employment with RSM, Plaintiff was held to a higher standard than his Caucasian colleague, Brandon Morris, a manager on his team.

20. The Plaintiff's director, Cameron Jones, had the Plaintiff work 75% more charge hours than Brandon to increase the overall team hours, but this requirement was not forced on Brandon and his charge hours were less than the minimum expected.

21. The Plaintiff raised this concern to a partner of the firm, Nick Hahn, via a phone call discussion on making him have more charge hours and advising that not having an equal requirement for Brandon Morris was unfair.

22. Plaintiff found out that Cameron Jones was upset with him because Nick Hahn had raised the concern to his attention from another manager within the firm that Cameron complained to.

23. After several instances of the Plaintiff noticing that his Caucasian co-workers were not being scrutinized for their legitimate shortcomings, the Plaintiff realized that because he was the only African-American employee, his work was being judged not on the basis of legitimate merit, but based on the color of his skin.

24. Despite the Plaintiff's great work, the Defendant was set on labeling him, ( the only black team member), a poor performer, without articulating the alleged deficiencies.

25. The Defendant terminated the Plaintiff's employment without notice on June 22, 2021.

26. The Plaintiff's termination was discriminatory and retaliatory for complaining of discrimination.

27. Plaintiff has always been praised for his performance and was never placed on a performance plan and no performance issues were ever brought to his attention during his employment with the Defendant.

28. The Plaintiff had an 80% utilization rate, while some of the Caucasian co-workers had only 20% utilization rates and they were not disciplined or even told they needed to improve.

29. The Plaintiff suffered discrimination based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

30. Specifically, the Plaintiff was held to higher standard and treated less favorably than a Caucasian employee on the same team.

31. When the Plaintiff complained of the discrimination the Plaintiff was fired.

32. The Defendant's pre-textual reason for the Plaintiff's termination was allegedly for poor performance, however, this was never brought to the Plaintiff's attention prior to his termination and is not supported by the Plaintiff's most recent performance evaluation nor the

fact that the Plaintiff had been selected for a development program on the basis of the Plaintiff's distinguished leadership capabilities..

33. Plaintiff's race was the direct and indirect cause of the harassment.

34. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his supervisor about the discrimination he was subjected to.

35. Other similarly situated individuals who were not in Plaintiff's protected class and who did not engage in statutorily protected activity were treated more favorably than Plaintiff in retaliation for complaining of racial discrimination.

36. Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

37. The Plaintiff has been subjected to racial and national origin discrimination and a hostile work environment, and retaliated against, which are violations of the Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of

systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

41. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

42. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

43. Plaintiff demands this count be tried by a jury.

## COUNT II
### Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

47. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

48. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

49. Plaintiff demands that this count be tried by a jury.

## COUNT III
### Demand for Relief for Race-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on their race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

52. Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Title VII of the Civil Rights Act of 1964.

53. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

54. At all relevant times, Defendant was aware of the aforementioned race-based harassment and hostile work environment, yet Defendant took no action to remedy the unlawful race-based harassment and hostile work environment.

55. By reason of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

56. Plaintiff demands that this count be tried by a jury.

## COUNT IV
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

57. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

60. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

61. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

62. Plaintiff demands that this count be tried by a jury.

## JURY TRIAL DEMAND

63. The Plaintiff request trial by jury for issue so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. Damages sufficient to compensate Plaintiff for her injuries;

    b. Back Pay;

    c. Emotional Distress Damages;

    d. Pre-judgment and post-judgment interest;

    e. Punitive damages;

    f. Reasonable attorney's fees;

    g. An award of litigation costs and expenses; and

    h. Any and all other relief that this Honorable Court may deem just and equitable.

Dated this 1st day of December 2022.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*