IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAMAU PHILLIPS,<br><br>   Plaintiff,<br><br> v.<br><br>RSM US LLP,<br><br>   Defendant. | No. 1:22:cv-06724<br><br>Judge Franklin Valderrama<br>Magistrate Judge Jeffrey Cummings |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT III AND NATIONAL ORIGIN DISCRIMINATION CLAIMS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant RSM US LLP ("Defendant" or "RSM") respectfully moves this Court to dismiss Count III and all claims based on national origin discrimination from Plaintiff Kamau Phillip's ("Plaintiff") Complaint. In his four count Complaint, Plaintiff claims that his termination for performance reasons by Defendant, his former employer, violated 42 U.S.C. § 1981 ("Section 1981") (Count I) and the discrimination (Count II) and retaliation (Count IV) provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"). Plaintiff also claims that he experienced a hostile work environment during his employment, in violation of Title VII (Count III) and alleges that he experienced national origin discrimination during his employment with RSM.

As set forth in detail below, Plaintiff's hostile work environment claim suffers from fatal deficiencies warranting dismissal of the claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, Plaintiff failed to exhaust his administrative remedies because his hostile work environment claim exceeds the scope of his EEOC Charge. The EEOC Charge contains no allegation of any race-based harassment that Plaintiff experienced during his employment with

1

RSM. Second, Plaintiff's Complaint fails to state a claim for a hostile work environment because it includes no allegations describing any harassment Plaintiff allegedly experienced during his employment. Finally, Plaintiff's allegation concerning national origin discrimination also warrants dismissal because it suffers from the same fatal flaws as Plaintiff's hostile work environment claim; neither the EEOC charge nor the Complaint contains any allegation of national origin discrimination.

I.     STATEMENT OF RELEVANT FACTS[1]

On July 27, 2017, Plaintiff, an African-American male, began his employment with Defendant as a consulting supervisor. (Dkt. No. 1, Plaintiff's Complaint ("Compl.") ¶¶ 15, 16). After he was promoted to manager, Plaintiff alleges that his supervisor, Cameron Jones, held Plaintiff to a higher standard than Plaintiff's Caucasian co-worker, Brandon Morris. (*Id*. ¶¶ 17, 19, 20, 30). Specifically, Plaintiff claims that Jones required Plaintiff to work 75% more charge hours than Morris, whose charge hours were less than the minimum expected. (*Id.* ¶ 20). Plaintiff alleges he discussed his concern about his charge hours with a partner at RSM, Nick Hahn, and alleges that Jones became upset with Plaintiff after learning of his discussion with Hahn. (*Id*. ¶ 22).

On June 22, 2021, Defendant terminated Plaintiff for poor performance, which Plaintiff claims was based on his race and national origin and in retaliation for his protected activity. (*Id*. ¶ 25). On December 17, 2021, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that his termination was based on his race and was retaliatory. (*See id*., Ex. A).[2] The EEOC issued a Notice of Right to Sue on October 28, 2022. (*See*

---

[1] Consistent with Rule 12(b)(6), Defendant assumes the factual allegations in the Complaint are true for purposes of this Motion only. Defendant reserves the right to challenge the veracity of the allegations to the extent the matter proceeds.

[2] The Court may consider the Plaintiff's EEOC charge without converting the instant motion into a motion for summary judgment because it is an exhibit to Plaintiff's Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Williamson*

*id.*, Ex. B). On December 1, 2022, Plaintiff filed the instant complaint, alleging that his termination was based on his race, national origin, and in retaliation for his protected activity, and that he experienced a hostile work environment during his employment. (*Id.* ¶¶ 24, 25, 26, 31, 32, 37).

## II. ARGUMENT

**Legal Standard**

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a court considers the complaint's allegations, it "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, a plaintiff's failure to exhaust his administrative remedies with respect to Title VII claims is the appropriate subject of a Rule 12(b)(6) motion to dismiss. *See McQueen v. City of Chi.*, 803 F. Supp.2d 892, 903 (N.D. Ill. 2011) (granting the defendant's Rule 12(b)(6) partial motion to dismiss for failure to exhaust claims under Title VII and holding "scope of the charge" challenges are appropriate at the motion to dismiss stage).

### A. Plaintiff's Hostile Work Environment Claim Exceeds the Scope of His Administrative Charge.

As a matter of law, Plaintiff is barred from asserting his hostile work environment claim because he failed to include it in his EEOC charge. It is well established that, before filing a

---

*v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (noting documents attached to a complaint "become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint.").

lawsuit, a plaintiff must exhaust his administrative remedies by presenting *all* of his Title VII claims to the EEOC. *See* 42 U.S.C. § 2000e-5; *Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("a plaintiff may not bring claims under Title VII that were not originally included in the charge made to the EEOC"); *Connor v. Ill. Dep't. of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.").[3] This requirement affords the EEOC an opportunity "to settle the dispute between the employee and employer" and "puts the employer on notice of the charge against it." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 549 (7th Cir. 2002). An exception to this general rule is only recognized when there is a "reasonable relationship" between the allegations in the charge and the claims in the complaint. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). At a minimum, however, the charge and the complaint must describe the same conduct and implicate the same individuals. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001).

Here, Plaintiff's EEOC charge failed to describe any instances of race-based harassment and he has thus failed to exhaust his administrative remedies with respect to his hostile work environment claim. Plaintiff's EEOC charge describes only the higher charge hours expected of Plaintiff compared to a co-worker, Plaintiff's discussion with Hahn, Plaintiff's allegedly higher utilization rates compared to white co-workers, and Plaintiff's termination for poor performance, all of which form the basis of Plaintiff's discrimination and retaliation claims in the Complaint. (*See* Compl., Ex. A) Hostile work environment claims, however, are analytically distinct from discrimination claims and are not "like or reasonably related to one another to permit an EEOC

---

[3] In its Memorandum, Defendant cites to summary judgment cases only to explain the burden of proof Plaintiff ultimately bears in order to prevail on his hostile work environment claim. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("[T]here's nothing wrong with relying on summary-judgment cases at the pleading stage to explain the substantive legal standards that apply to the case.")

charge of one type of wrong to support a subsequent civil suit for another." *Sitar*, 344 F.3d 720, 726 (7th Cir. 2003) (internal quotations omitted); *see also Moore v. Vital Products, Inc.*, 641 F.3d 253, 256 (7th Cir. 2011) (noting distinction between hostile work environment and a discriminatory discharge claims).

Although Plaintiff's Complaint alleges—albeit very generally—that Plaintiff's race "was the direct and indirect cause of the harassment," (Compl. ¶ 33), the EEOC Charge (and the Complaint for that matter) fails to describe the harassment that Plaintiff experienced or implicate the alleged perpetrators of such harassment. As such, the Plaintiff has failed to exhaust his administrative remedies with respect to his hostile work environment claim. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (affirming dismissal of race-based harassment claim where plaintiff's EEOC charge referenced only her discriminatory termination and plaintiff's general belief that she had been discriminated against because of her race); *see also Smith v. Rosebud Farmstand*, 909 F. Supp.2d 1001, 1004 (N.D. Ill. 2012) ("Being sent home from work and suffering a reduction in hours are classic examples of race discrimination, which is a different claim from being harassed with racial epithets, slurs, and comments."); *Gbur v. City of Harvey, Ill.*, 835 F. Supp.2d 600, 626 (N.D. Ill. 2012) (dismissing hostile work environment claim because plaintiff's EEOC charge referenced only denied promotions and unfair discipline).

Moreover, the EEOC charge's general references to racial discrimination and differing treatment does not warrant departure from Title VII's strict statutory requirement of administrative exhaustion. (*See* Dkt. 1, Ex. A (Plaintiff noting that his higher charge hours "[i]s just one example of how I was treated differently" and that he "suffered discrimination based on my race, African-American, in violation of [Title VII].")). The Seventh Circuit has long recognized that "the requirement of some specificity in a charge is *not a mere technicality*" and that "[s]ome detail,

beyond a statement that 'I believe I have been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty." *Rush*, 966 F.2d at 1111-12 (emphasis added). Where, as here, a plaintiff's EEOC charge fails to include the level of specificity required by the Seventh Circuit with respect to claims of race-based harassment, the Court must dismiss that claim for failure to exhaust administrative remedies. *See id.* at 1112 (noting without such specificity would "permit all claims of race-based discrimination in a subsequent lawsuit.").

Accordingly, Plaintiff's hostile work environment claim must be dismissed for his failure to exhaust his administrative remedies.

### B. Plaintiff's Complaint Fails to State A Claim for Hostile Work Environment.

Alternatively, Plaintiff fails to state a claim for hostile work environment in his Complaint. In order to survive dismissal, Plaintiff must allege facts plausibly demonstrating (1) that he was subject to unwelcome harassment, (2) that the harassment was based on his race, (3) that the harassment was severe or pervasive and created a "hostile or abusive situation," and (4) there is a basis for employer liability. *See Dodgen v. AARP*, No. 21-cv-00086, 2022 WL 4607926, at *4 (N.D. Ill. Sep. 30, 2022).

Here, Plaintiff fails to allege any facts that would support these elements. In the allegations supporting Count III, Plaintiff conclusory states the elements he will ultimately need to establish in order to prevail on a hostile work environment claim. (Compl. ¶¶ 50-56). The sole *factual* allegation concerning race-based harassment in the Complaint, however, states in its entirety: "Plaintiff's race was the direct and indirect cause of the harassment." (Compl. ¶ 33). Despite the low bar for pleading employment discrimination cases in the Seventh Circuit, the Complaint is utterly devoid of any other allegation of harassment—race based or otherwise—that would support Plaintiff's hostile work environment claim. Without such factual allegations describing the harassment Plaintiff experienced, the individuals inflicting the purported harassment, and

6

additional facts connecting the harassment to Plaintiff's race, he can rely only on his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" which is insufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts in this District routinely dismiss hostile work environment claims where a plaintiff has alleged far more than what the Plaintiff has alleged here. *See, e.g. Dodgen*, 2022 WL 4607926, at *4 (dismissing hostile work environment claim where "nothing in the complaint plausibly suggests that [defendant's] actions towards [plaintiff] rose to the level of hostility required to sustain a hostile work environment claim."); *Ross v. UChicago Argonne, LLC*, No. 18 CV 04200, 2019 WL 3562700, at *6 (N.D. Ill. Aug. 5, 2019) (dismissing hostile work environment claim where plaintiff alleged only "three isolated incidents over a long period of time."); *Harris v. Chi. Transit Auth.*, No. 14-C-9106, 2015 WL 5307721, at *6 (N.D. Ill. Sept. 10, 2015) (dismissing hostile work environment claim where plaintiff alleged two incidents of harassment that occurred a year apart); *Wood v. Career Educ. Corp.*, No. 13 CV 8803, 2015 WL 1538800, at *6-7 (N.D. Ill. Mar. 31, 2015) (dismissing hostile work environment claim where single "inchoate" allegation of verbal harassment was conclusory); *Butler v. Chi. Transit Auth.*, No. 13 C 5276, 2014 WL 3939654, at *7 (N.D. Ill. Aug. 12, 2014) (finding a single write-up, even if falsely based, was not enough to support hostile work environment claim).

Plaintiff's remaining allegations lend no further factual support that would save his hostile work environment claim. Plaintiff cannot rely on the allegations regarding his termination because "[a]n allegation that [Plaintiff] was later terminated is not the same as an allegation that [Plaintiff] was subjected to a hostile work environment while [he] was employed." *Butler v. Ford Motor Co.*, 21-CV-01244, 2022 WL 4448724, at *4 (N.D. Ill. Sep. 23, 2022) (Valderrama, J.) ("As a court in

this Circuit has explained, "a hostile work environment claim focuses on the conditions of employment and the environment an employee is subject to, not the consequences an employee faced. Those consequences more properly form the basis of a plaintiff's retaliation and discrimination claim, not a hostile work environment claim.") (quoting *Kane v. Finance of America Reverse, LLC*, No. 17-cv-02266, 2018 WL 2001810, at *6 (S.D. Ind. April 30, 2018)).

Nor can Plaintiff rely on the Complaint's allegations concerning any offense he took from Defendant's perception of Plaintiff's performance deficiencies because, as alleged in the Complaint, Defendant never informed Plaintiff of these deficiencies. (*See* Compl. ¶ 23 ("Plaintiff *realized* that because he was the only African-American employee, his work was being judged not on the basis of legitimate merit, but based on the color of his skin.") (emphasis added); ¶ 24 ("Despite the Plaintiff's great work, the Defendant was set on labeling him, (the only black team member), a poor performer, *without articulating the alleged deficiencies*.") (emphasis added); ¶ 27 ("Plaintiff has always been praised for his performance and was never placed on a performance plan and *no performance issues were ever brought to his attention during his employment with Defendant*.") (emphasis added)). Absent any allegations indicating the objectively offensive nature of Defendant's purported harassment, Plaintiff cannot plausibly state a claim for relief for hostile work environment. *See Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 647 (7th Cir. 2011) ("In seeking to establish the existence of a hostile work environment, plaintiffs must show that their work environment was both objectively and subjectively offensive—that is, 'one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Accordingly, the Court must dismiss Plaintiff's hostile work environment claim for failure to state a claim.

### C. Plaintiff's National Origin Discrimination Claims Suffers From The Same Fatal Flaws as Count III.

Finally, to the extent Plaintiff purports to bring a discrimination claim based on his national origin, such a claim must similarly be dismissed for failure to exhaust his administrative remedies. In his Complaint, Plaintiff alleges that he was subjected to "national origin discrimination" in addition to his allegations of racial discrimination and retaliation. (Compl. ¶ 37 ("The Plaintiff has been subjected to racial and national origin discrimination and a hostile work environment, and retaliated against, which are violations of the [sic] Title VII of the Civil Rights Act of 1964, as amended.")).

Like his hostile work environment claims, however, Plaintiff has failed to exhaust his administrative remedy for any purported national origin discrimination and the Complaint contains no factual allegation describing any basis for a discrimination claim based on national origin. Neither his EEOC charge nor his Complaint contain any allegations concerning discrimination based on national origin much less even allege what Plaintiff's national origin is. *See Lee v. Gas Technology Institute*, No. 04 C 6779, 2005 WL 1865985, at *4 (N.D. Ill. Jun. 9, 2005) (dismissing national origin discrimination claims where EEOC charge referenced only discrimination based on age); *Otero v. City of Chi.*, 833 F. Supp.2d 829, 831 (N.D. Ill. 2011) (dismissing claim where "[n]othing in [plaintiff's] EEOC charge suggested that she suffered from national origin discrimination" and amended complaint "never even mentions what her national origin is.").

Accordingly, to the extent Plaintiff seeks to assert a discrimination claim based on his national origin, such a claim must be dismissed.

### III. CONCLUSION

Defendant RSM US LLP respectfully request that the Court grant its Motion to Dismiss Count III and National Origin Discrimination Claims, and further requests that it be granted such other relief as deemed appropriate by the Court.

Dated: January 24, 2023

Respectfully submitted,

**RSM US LLP**

By: */s/ Daniel Y. Kim*
      One of Its Attorneys

Marissa R. Ingley
Daniel Y. Kim
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
(312) 372-5520
mingley@littler.com
dkim@littler.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 24, 2023, he caused true and correct copies of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the below counsel of record:

Alexander J. Taylor
Nathan Volheim
THE SULAIMAN LAW GROUP
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
nvolheim@sulaimanlaw.com

/s/ *Daniel Y. Kim*
One of Defendant's Attorneys